Bruce F. WEICKHARDT, Plaintiff-Appellant,

v.

WAUWATOSA SAVINGS & LOAN ASSOCIATION, a Wisconsin savings and loan association, Defendant-Respondent.†

Court of Appeals

*No. 80–1921. Submitted on briefs June 17, 1981.—Decided July 21, 1981.*
(Also reported in 309 N.W.2d 865.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Phil Elliott, Jr.,* of West Allis.

For the defendant-respondent the cause was submitted on the brief of *Forester, Carroll & Rupke* by *James G. Forester,* of Brookfield.

Before Decker, C.J., Cannon, J., and Hanley, Reserve Judge.

DECKER, C.J.   The issue in this appeal is whether sec. 138.05(7), Stats., relating to interest rates, applies to a mortgage assumption agreement entered into after the statute's effective date, although the assumed mortgage was executed before the statute's effective date. We determine that it does and affirm the trial court's order dismissing the complaint.

In 1975, plaintiff's predecessors in title purchased the real estate involved in this controversy, and executed a purchase money mortgage to defendant Wauwatosa Savings and Loan Association (Wauwatosa Savings) for $172,800, with interest at 9.5% per annum. In 1979, plaintiff purchased the real estate and entered into an agreement to assume the mortgage balance of $164,123.-18, with interest at 12.5% per annum.

Section 138.05 (1) (a), Stats., effective at the time of the original 1975 mortgage and the 1979 assumption, provides:

Except as authorized by other statutes, no person shall, directly or indirectly, contract for, take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value, for the loan or forbearance of money, goods or things in action, than:
(a) At the rate of $12 upon $100 for one year computed upon the declining principal balance of the loan or forbearance.

Plaintiff contends that because the assumption agreement provides for interest exceeding 12% per annum, it violates this section of the usury law.

Section 138.05 (7), Stats., effective May 26, 1978, before the execution of the assumption agreement, provides:

This section does not apply to any loan or forbearance in the amount of $150,000 or more made after May 26, 1978 unless secured by an encumbrance on a one- to four-family dwelling which the borrower uses as his or her principal place of residence.
For the purposes of this section, a loan is deemed a loan which is in the amount of $150,000 or more if:
(a) The outstanding principal indebtedness under the loan initially exceeds $150,000; or
(b) The parties to the loan agree that the principal indebtedness may exceed $150,000 at some time during the term of the loan and, when the agreement was made, the principal indebtedness was reasonably expected to exceed $150,000 notwithstanding the fact that less than $150,000 in the aggregate was initially or later advanced.

Plaintiff concedes that (a) and (b) are satisfied in this case, that the property involved is not a one- to four-family dwelling used as his principal place of residence, and that the assumption was made after May 26, 1978. Plaintiff contends, however, that the assumption did not constitute a loan or forbearance made after May 26, 1978,

but instead consisted of the plaintiff stepping into the shoes of the original mortgagors, assuming all contractual liabilities and rights arising out of the original 1975 mortgage agreement.[1]

As support for his contention that the 1979 mortgage assumption was not a loan, defendant points out that no new funds were advanced at the time of the assumption. The plain language of both the 1975 mortgage document and the 1979 assumption agreement, however, establish that a forbearance was made when the 1979 agreement was entered into.

Both the 1975 mortgage and mortgage note contain a "due-on-sale" clause:

> In the event that the mortgaged premises or any part thereof are sold, conveyed, or transferred, or in the event that either legal equitable title shall vest in any other persons than the Mortgagors for any reason whatsoever, the entire indebtedness pursuant to this mortgage and the note that it secures, shall become due and payable forthwith, at the option of the Mortgagee, without further notice.

The 1979 assumption agreement acknowledges the existence of this clause in the original mortgage, but provides for monthly payments to Wauwatosa Savings in lieu of its exercise of the due-on-sale clause. The 1979 assumption agreement represents a forbearance by Wauwatosa Savings of enforcement of the due-on-sale clause.

Plaintiff contends that the trial court erred in dismissing his complaint because the constitutionality of the above-quoted due-on-sale clause, both inherent and as applied, must be determined at trial. This contention is

---

[1] We find compelling Wauwatosa Savings' observation that plaintiff's claim that the assumption was not a loan or forbearance is self-defeating because sec. 138.05(1), Stats., upon which plaintiff based his action, applies only to a loan or forbearance.

controlled by the *Mutual Federal Savings & Loan Ass'n v. Wisconsin Wire Works* cases, 71 Wis. 2d 531, 239 N.W. 2d 20 (1976), and 58 Wis. 2d 99, 205 N.W.2d 762 (1973), where our supreme court held that due-on-sale clauses are enforceable subject to certain equitable defenses. Plaintiff advised neither the trial court nor this court which, if any, of these equitable defenses remove this case from the general rule of enforceability, and on the record before us, we can conceive of none applicable. A due-on-sale clause permitting a mortgage lender to take advantage of an increase in interest rates in the event the borrower transfers the real estate is not inequitable. *See Mutual Federal Savings, supra,* 58 Wis. 2d at 110, 205 N.W.2d at 769.

Plaintiff's contention that there was no new contract in 1979 is not supported by the record. The only parties to the 1975 mortgage note were plaintiff's predecessors in interest and Wauwatosa Savings. The 1979 assumption agreement includes plaintiff as a new party. In the agreement, plaintiff assumes primary personal liability for the remaining principal balance of the loan, and the former owners are relieved of primary liability. *See Lichtstern v. Forehand,* 181 Wis. 216, 226, 194 N.W. 421, 424 (1923), where our supreme court stated that an assumption agreement creates a principal/surety relationship between a purchaser and original mortgagor. The former owners consented to the transfer to plaintiff's account of funds held in escrow for tax and insurance, and plaintiff agreed to apply for membership in Wauwatosa Savings, and to comply with its articles, bylaws, and rules.

Plaintiff argues that current economic conditions compel enforcement of original interest rates upon assumption of original mortgages, presumably because otherwise buyers faced with increased interest rates will be unwilling or unable to buy. Such an argument is applicable only

if the statute is ambiguous and requires construction. We find the statute unambiguous. The argument also ignores the countervailing economic reality that increase of interest to current rates induces a lender to permit an assumption agreement without which a borrower may be unable to purchase.

*By the Court.*—Order affirmed.